**Subindu BARUA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 11–73298.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2014.[*]

Filed Feb. 24, 2014.

Joanna Ghosh, The Ghosh Law Group, APC., Los Angeles, CA, for Petitioner.

Lindsay Corliss, OIL, Eric Warren Marsteller, Esquire, Senior Litigation Counsel, William Charles Peachey, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

MEMORANDUM [**]

Subindu Barua, a native and citizen of Bangladesh, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir.2010), and we review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We deny in part and dismiss in part the petition for review.

Barua claims Muslim extremists harmed and menaced him on account of his Buddhist religion. Substantial evidence supports the agency's adverse credibility determination because Barua omitted from his asylum application that he was beaten at the June 2000 religious event, and because he testified inconsistently about his role in organizing the event. *See Shrestha*, 590 F.3d at 1045–48 (adverse credibili-

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**610**

ty determination was reasonable under the REAL ID Act's "totality of the circumstances" standard). The agency reasonably rejected Barua's explanations for the inconsistencies. *See Rivera v. Mukasey,* 508 F.3d 1271, 1275 (9th Cir.2007). In the absence of credible testimony, Barua's asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Barua's CAT claim also fails because it is based on the same testimony found not credible, and he does not point to any other evidence that shows it is more likely than not he would be tortured if returned to Bangladesh. *See id.* at 1156–57.

We reject Barua's contention that the IJ's decision regarding expert testimony violated his due process rights. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and prejudice to prevail on a due process claim).

Finally, we lack jurisdiction to review Barua's contentions regarding the accuracy of the translation and transcript because he did not raise them to the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.